**[J-65-2022] [MO: Donohue, J.]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**MIDDLE DISTRICT**

| | |
|---|---|
| ALLEGHENY REPRODUCTIVE HEALTH CENTER, ALLENTOWN WOMEN'S CENTER, DELAWARE COUNTY WOMEN'S CENTER, PHILADELPHIA WOMEN'S CENTER, PLANNED PARENTHOOD KEYSTONE, PLANNED PARENTHOOD SOUTHEASTERN PENNSYLVANIA, AND PLANNED PARENTHOOD OF WESTERN PENNSYLVANIA, | : No. 26 MAP 2021<br>:<br>: Appeal from the Orders of the<br>: Commonwealth Court at No. 26 MD<br>: 2019 dated January 28, 2020, and<br>: March 26, 2021.<br>:<br>: ARGUED: October 26, 2022 |
| Appellants | : |
| v. | : |
| PENNSYLVANIA DEPARTMENT OF HUMAN SERVICES, VALERIE A. ARKOOSH, IN HER OFFICIAL CAPACITY AS SECRETARY OF THE PENNSYLVANIA DEPARTMENT OF HUMAN SERVICES, ANDREW BARNES, IN HIS OFFICIAL CAPACITY AS EXECUTIVE DEPUTY SECRETARY FOR THE PENNSYLVANIA DEPARTMENT OF HUMAN SERVICES' OFFICE OF MEDICAL ASSISTANCE PROGRAMS, AND SALLY KOZAK, IN HER OFFICIAL CAPACITY AS DEPUTY SECRETARY FOR THE PENNSYLVANIA DEPARTMENT OF HUMAN SERVICES' OFFICE OF MEDICAL ASSISTANCE PROGRAMS, | : |
| Appellees | : |

**CONCURRING AND DISSENTING OPINION**

**JUSTICE DOUGHERTY**                    **DECIDED: January 29, 2024**

I join most of Section I (introduction),[1] and I join Sections II (standing and intervention), III.A-D (overruling interpretation of the Equal Rights Amendment, PA. CONST. art. I, §28, rendered in *Fischer v. Department of Public Welfare*, 502 A.2d 114 (Pa. 1985)), and IV (mandate) of the majority opinion in full.  I also join Section III.F to the extent it overrules *Fischer*'s interpretation of PA. CONST. art. I, §26.  With respect to *stare decisis*, I believe the majority's excellent analysis meets the high bar for proving "a special justification, over and above the belief that the precedent was wrongly decided[,]" such that overruling *Fischer* is proper.  *Commonwealth v. Alexander*, 243 A.3d 177, 196 (Pa. 2020) (internal quotations and citation omitted); *see id*. at 211-12 (Dougherty, J., dissenting) ("*stare decisis* teaches that we should exercise [the power to undo our prior precedents] sparingly") (internal quotations and citation omitted).

However, I must respectfully dissent from Sections III.E and III.F.3.b.  In this regard, I agree with the partial dissents' assessment "that this case does not concern the right to an abortion."  Concurring and Dissenting Opinion at 3 (Todd, C.J.); Concurring and Dissenting Opinion at 2 (Mundy, J.) ("This case is not about anyone's right to obtain an abortion.").  At least, not yet.

Below, the Commonwealth Court dismissed Providers' petition for review for two reasons: because (1) Providers "lack standing to vindicate the constitutional rights of third parties[,]" *Allegheny Reprod. Health Ctr. v. Dep't of Human Servs.*, 249 A.3d 598, 608 (Pa. Cmwlth. 2021) (*en banc*); and (2) the court was "bound by *Fischer*[,]" *id*. at 611.  Today we reverse on both points, allowing Providers' lawsuit to proceed, including as to their claim that abortion (or, more broadly, reproductive autonomy) "is a fundamental right under the Pennsylvania Constitution."  Petition for Review at 30.  As recently explained,

---

[1] For the sake of consistency, I refer to Justice Donohue's opinion as the "majority opinion."  I recognize, however, the second paragraph of footnote 11 (which I do not join) and Sections III.E and III.F.3.b have not garnered a majority.

"this Court's preferred course in this type of situation is ordinarily a remand . . ., not to seize the opportunity to decide the [unresolved] question ourselves." *Commonwealth v. Koger*, 295 A.3d 699, 711 n.12 (Pa. 2023) (internal quotations and citations omitted). Respectfully, I am not convinced we should act any differently here.[2]  In my view, now that *Fischer* no longer stands in the way, it falls to the Commonwealth Court to address Providers' claims in the first instance.  Of course, there is little doubt the issue eventually will make its way back to this Court, and the majority's incredibly insightful position may ultimately prevail in the end.  But I believe we should take such an important issue directly, only after the lower court has entertained it, with full notice to the bench, bar, and public. Accordingly, I am compelled to respectfully dissent in part from the majority's opinion.

---

[2] The majority credits the Providers' position "that we must decide the question" because "if we were to reject the existence of a constitutional right to abortion in Pennsylvania, there would be no constitutional right upon which to base consideration of the continued vitality of this aspect of *Fischer*."  Majority Opinion at 127 & n.88.  However, irrespective of whether there is a constitutional right to abortion in Pennsylvania, *Fischer*'s penalty analysis under Article I, Section 26 does not survive.  If there is no constitutional right, then perforce *Fischer*'s penalty analysis is a dead letter.  *See id.* at 20 n.11 ("*Fischer*'s penalty analysis can have vitality only if there exists a fundamental right to reproductive autonomy.").  Alternatively, if there is a constitutional right, we hold today the penalty analysis employed by *Fischer* is not the right test for determining whether there is a violation of Article 1, Section 26.  *See id.* at 211 ("[E]ven if penalty is a clear and workable standard for federal equal protections, our review has demonstrated that Section 26 does not accommodate a penalty analysis.").  Moreover, I observe that Article I, Section 26 is predicated on "civil right[s]," which is facially broader than "constitutional rights."  PA. CONST. art. I, §26; *see* Majority Opinion at 181 ("we continue to assume that certain statutory rights are encompassed by the notion of 'civil rights'").  I thus find it proper to address *Fischer*'s continued vitality without weighing in on the constitutional issue at this time.  *See, e.g., In re "B,"* 394 A.2d 419, 422 (Pa. 1978) (explaining courts should "avoid" "constitutional question[s] if possible").